CHARLES B. PLUMMER, Administrator,

*vs.*

WILLIAM DOUGHTY and others.

Androscoggin.   Opinion August 5, 1886.

*Mortgages.   Executors and administrators.   Foreclosure.   Bond for support.
Widow.   Dower.*

The interest and title of a mortgagee in real estate, upon his decease, vests as assets in his executor or administrator, who is the proper party to any proceeding for the foreclosure of the mortgage.

Where suit is brought to foreclose a mortgage, on account of a breach thereof, given to secure a bond for the support of a husband and wife during their natural lives, a breach of such bond must be shown, but such breach need not be shown to have occurred during the lifetime of the husband who died first.

If there has been a breach of the bond since the death of the husband and before the commencement of the suit, it is sufficient to maintain the action.

Nor is it necessary, to entitle a recovery in such case, to show that any claim had been made by the widow for her support, on the administrator of the deceased mortgagor, before suit was commenced.

The widow of the deceased mortgagee, who had dower interest in the premises which she had not released, has no such legal estate in the premises, before her dower has been set out or assigned to her, as would entitle her to convey any part of the premises to a third person, as against the administrator of the deceased mortgagee.

ON EXCEPTIONS.

Writ of entry, dated March 28, 1884, brought by the administrator of the estate of Abel Tracy, deceased, to foreclose a mortgage. On the 26th of April, 1878, Tracy gave to J. Frank Hayward a deed of his homestead farm in Durham. His wife did not join in the conveyance. On the same day Hayward gave to Tracy a mortgage back to secure a bond for maintenance as stated in the opinion. Tracy died December 28, 1878; Hayward died July 7, 1882, and an administrator on his estate was appointed January 8, 1884. Other material facts are stated in the opinion.

*Newell and Judkins*, for the plaintiff.

On a bond for the support of two persons, the burden of proving performance is on defendant. *Philbrook* v. *Burgess*, 52 Maine, 272 ; *Jarvis* v. *Sewall*, 40 Barb. 449 ; *Perkins* v. *Rogers*, 20 Conn. 81. The bond runs during the life of the survivor. *Merrill* v. *Bickford*, 65 Maine, 118 ; *Douglass* v. *Parsons*, 22 Ohio St. 526. The obligation is personal to be performed by obligor, or his administrator. *Eastman* v. *Batchelder*, 36 N. H. 141 ; *Bethlehem* v. *Annis*, 40 N. H. 34 ; *Flanders* v. *Lamphear*, 9 N. H. 201 ; *Bryant* v. *Erskine*, 55 Maine, 156 ; *Clinton* v. *Fly*, 10 Maine, 292. Administrator must enforce security. *Felch* v. *Hooper*, 20 Maine, 163. Widow cannot claim to occupy any part as dower until it is assigned. *Wyman* v. *Richardson*, 62 Maine, 295 ; *Bolster* v. *Cushman*, 34 Maine, 428 ; *Leonard* v. *Motley*, 75 Maine, 421 ; 4 Kent's Com. (12th ed.) *61 ; *Colburn* v. *Grover*, 44 Maine, 47. A mortgagee may take possession before a breach. R. S., c. 90, § 2 ; *Mason* v. *Mason*, 67 Maine, 546 ; *Allen* v. *Parker*, 27 Maine, 531.

*C. Record,* for the defendants, and *Asa P. Moore*, for the defendant, Sidney Bowie.

In a mortgage to secure a bond for support on the premises, the mortgagee is entitled to possession until a breach is shown ; this is implied from the nature of the transaction. In order to support on the premises, the premises must be under his control. *Bean* v. *Mayo*, 5 Maine, 89 ; *Brown* v. *Leach*, 35 Maine, 39 ; *Lamb* v. *Foss*, 21 Maine, 240 ; *Norton* v. *Webb*, 35 Maine, 218.

Immediately after Mrs. Hayward left the premises and went away in December, 1882, Mary J. Tracy took possession of the premises, continued it for a year rented to Bowie and received all the rents and profits to her own use. There was evidence going to show, that the abandonment by Mrs. Hayward and the occupation by Mary J. Tracy, were simultaneous, and by an understanding to that end ; and there was evidence going to show to the contrary. However the fact may be, when she did return to the possession and receive the rents and profits to her own use, it was, it is claimed, a waiver of all breaches up to that time,

and no claim can be maintained for breach before that date, by reason of such waiver, and none since, without showing a claim upon Hayward's administrator and refusal by him. *Farnum* v. *Bartlett*, 52 Maine, 575 ; *Bryant* v. *Erskine*, 55 Maine, 153 ; *Thayer* v. *Richards*, 19 Pick. 398 ; *Jenkins* v. *Stetson*, 9 Allen, 128 ; Jones on Mortgages, § 391, vol. 1, p. 290.

Bowie entered under a license and permission from Mrs. Tracy. A person entering under the license or permission of a party in possession, is not a disseizor and cannot be treated as such. *Brookings* v. *Woodin*, 74 Maine, 222.

FOSTER, J. This case comes before us upon exceptions to the refusals of the presiding justice to give certain requested instructions, and to certain instructions given.

The action is a writ of entry, brought for the purpose of foreclosing a mortgage which had been given to the deceased mortgagee to secure a bond for the support of himself and his wife during their natural lives. The mortgagee died. His interest and title vested as assets in his administrator. The plaintiff, as administrator of the deceased mortgagee, was the proper party to any proceedings for the foreclosure of that mortgage. When a mortgagee is dead, the process for foreclosure must be in the name of his executor or administrator, and the same proceedings for that purpose may be had by such executor or administrator, declaring on the seizin of the deceased, as the deceased mortgagee might have had if living. R. S., c. 90, § § 11, 12.

Several of the questions which have been discussed are not before us. The only consideration which can be given by this court to questions arising in this case, must be in relation to those which are brought before it by the bill of exceptions. It would not be proper for this court, sitting as a court of law, to go outside of the exceptions and pass upon matters which were settled by the evidence presented to the jury, and to which no objection appears to have been raised at the trial. Whether the defendants were or were not properly joined in the suit as joint disseizors, or whether the description of the premises demanded

was such as the law requires, is presumed to have been decided correctly in accordance with the evidence and upon proper instructions in regard to the law from the court, inasmuch as neither of those questions is presented by the bill of exceptions. The case is not before us on report of the evidence upon which to settle the legal rights of the parties, and therefore our attention must be confined to questions raised by the exceptions.

I. The court properly declined to give the first requested instruction, — which was in substance, that in order for the plaintiff to recover it must be shown that there had been a breach of the bond during the lifetime of Abel Tracy, the deceased mortgagee. The instructions given, however, by the court were, that a breach of the bond must be shown, but that such a breach need not be shown to have occurred during the lifetime of the husband; that if there had been a breach since his death, and before the commencement of this suit, it would be sufficient to entitle the plaintiff to maintain this action.

The instructions given were correct. The mortgage was given as security for a bond for the support not only of the deceased mortgagee, but of his wife also, and was for their natural lives. This would constitute an obligation continuing as long as either lives. *Pike* v. *Collins*, 33 Maine, 43; *Merrill* v. *Bickford*, 65 Maine, 119. The bond and mortgage remained in force after the decease of the husband for the benefit of the widow, and as security for her maintenance during her life. There may have been a breach of condition in the lifetime of the husband, or there may have been none until after his decease.

The instructions given were in accordance with the rule of law laid down in *Marsh* v. *Austin*, 1 Allen, 235, in which the court hold that the administrator of the mortgagee, in a mortgage given to secure an agreement for the support of the mortgagee and his wife during their lives, is entitled to foreclose the mortgage for breach of condition accruing both before and after the mortgagee's death, although the mortgagee's widow is living and does not join in the suit.

II. The next requested instruction was that the plaintiff would not be entitled to maintain this action without showing that the

widow had made a claim upon the administrator of the deceased mortgagor for her support out of the mortgaged estate before the commencement of this suit.

The services to be performed in the support of the mortgagee and his wife were personal. It nowhere appears, either in the bond or mortgage, that they were to be rendered by any other than the mortgagor or his personal representatives. Such being the fact, it has been held that a personal trust is reposed in the mortgagor, and that the obligation which he assumes is such that he can not assign the duty over to third persons, substituting them in his place without the consent of those to whom the services are to be rendered. *Clinton* v. *Fly*, 10 Maine, 292 ; *Bryant* v. *Erskine*, 55 Maine, 156 ; *Eastman* v. *Batchelder*, 36 N. H. 141. Therefore, upon the decease of the mortgagor, the conditions must be kept by his heirs, executors, or administrators. It is a duty devolving upon them by express contract, and, to save any breach of the conditions of the bond, must be performed by those obliged by law to fulfill those conditions. This duty is not made conditional or dependant upon any claim or demand on the part of the widow of the mortgagee for her support. It was equally incumbent upon them to see that the conditions of the bond were fully performed in respect to her as when both were living. Therefore the requested instruction could not properly have been given.

III. The defendants' last request cannot be sustained, and the court was correct in declining to give it to the jury. The gist of this request was, that the widow, by virtue of her right to unassigned dower in the mortgaged premises, had the right to lease to one of the defendants such an estate in the demanded premises that he would not be a disseizor as against this administrator of the deceased mortgagee. It is not intimated by the pleadings that this defendant sets up any rights under the widow as tenant or otherwise, nor is it pretended that the widow has ever had her dower assigned ; and not being assigned she could not, as against this plaintiff, claim to occupy any part of the estate. *Bolster* v. *Cushman*, 34 Maine, 428 ; *Wyman* v. *Richardson*, 62 Maine, 295 ; *Clarke* v. *Hilton*, 75 Maine, 432.

Having no legal estate in the premises which she could convey at that time, the defendant could derive none from her. The estate and title, as we have stated, at the decease of the mortgagee vested in the administrator of his estate as assets of the deceased (*Crooker* v. *Jewell*, 31 Maine, 313), which it is his duty to protect and enforce. *Felch* v. *Hooper*, 20 Maine, 163.

The plaintiff elected to treat the defendant Bowie as a disseizor, and as the requested instructions presented no legal claim of the defendant against the plaintiff's right of possession, (*Gregory* v. *Tozier*, 24 Maine, 308) the defendant was not injured by their being refused.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.